**KAUFF MCGUIRE & MARGOLIS LLP**
**950 Third Avenue**
**Fourteenth Floor**
**New York, NY 10022**
**(212) 644-1010 (Tel)**
**(212) 644-1936 (Fax)**
*Attorneys for Defendant Douglas Johnson*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VANESSA LAGUERRE,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>PARAMOUNT GLOBAL and DOUGLAS JOHNSON,<br><br>　　　　　　　　　Defendants. | Case No.  1:25-cv-00879 (JPO)<br><br>**ANSWER ON BEHALF OF**<br>**DOUGLAS JOHNSON** |

Defendant Douglas Johnson ("Defendant"), by his attorneys, Kauff McGuire & Margolis LLP, as and for his answer to the Complaint (the "Complaint"), pleads as follows:

**JURISDICTION AND VENUE**

1.　　Paragraph 1 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 1 may be deemed to set forth any allegations of fact to which a response is required, Defendant denies the allegations contained in paragraph 1 of the Complaint.

2.　　Paragraph 2 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 2 may be deemed to set

1

forth any allegations of fact to which a response is required, Defendant denies the allegations contained in paragraph 2 of the Complaint.

## THE PARTIES

3.     Defendant denies the allegations contained in paragraph 3 of the Complaint, except admits that Paramount Global is a corporation organized under the laws of the State of Delaware and has a principal place of business in New York City.

4.     Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.     Defendant denies the allegations contained in paragraph 5 of the Complaint, except admits that he is a senior executive at Paramount Global ("Paramount") and holds the title of Senior Vice President, Head of Production, Paramount Multiplatform Production Group.

6.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except admits that Paramount employed Plaintiff as an Executive Assistant beginning in July 2019.

## FACTS

## Wage and Hour Allegations

7.     Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.     Defendant denies the allegations contained in paragraph 8 of the Complaint.

2

9. Defendant admits the allegations contained in paragraph 9 of the Complaint, except denies that he was Plaintiff's employer.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.    Defendant denies the allegations contained in paragraph 19 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint concerning Plaintiff's awareness of her alleged rights.

## Discrimination/Retaliation Allegations

20.    Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.    Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.    Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.    Defendant denies the allegations contained in paragraph 26 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint concerning when Plaintiff became pregnant.

4

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint, except admits that Plaintiff was notified of her termination while she was on maternity leave and that she began maternity leave in June 2024.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. § 201 *et seq.*)

34. Defendant repeats, realleges, and reasserts his responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in paragraph 37 of the Complaint and denies that Plaintiff is entitled to any of the relief demanded in paragraph 37 of the Complaint.

**SECOND CLAIM FOR RELEIF**
**(New York Overtime Violations, N.Y. Lab. L. § 650 *et seq*. N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2)**

38.    Defendant repeats, realleges, and reasserts his responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

39.    Paragraph 39 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 39 may be deemed to set forth any allegations of fact to which a response is required, Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.    Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.    Defendant denies the allegations contained in paragraph 41 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

42.    Defendant repeats, realleges, and reasserts his responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

43.    Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.    Defendant denies the allegations contained in paragraph 44 of the Complaint.

### FOURTH CLAIM FOR RELIEF
**(FMLA Retaliation and Interference – 29 U.S.C. § 6501 *et seq.*)**

45.    Defendant repeats, realleges, and reasserts his responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

46.    Paragraph 46 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 46 may be deemed to set forth any allegations of fact to which a response is required, Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.    Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.    Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.    Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.    Defendant denies the allegations contained in paragraph 50 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (New York State Human Rights Law ("NYSHRL") N.Y. Exec. L. §§ 290 *et seq.* – Pregnancy and Familial Status)

51.    Defendant repeats, realleges, and reasserts his responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

52.    Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.    Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.    Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.    Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.    Defendant denies the allegations contained in paragraph 56 of the Complaint.

## SIXTH CLAIM FOR RELIEF
### (New York City Human Rights Law ("NYCHRL") N.Y. Admin. L. §§ 8-101 *et seq.* – Parental Status)

57.    Defendant repeats, realleges, and reasserts his responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

58.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59.    Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.    Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.    Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.    Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.    Defendant denies the allegations contained in paragraph 63 of the Complaint.

## SEVENTH CLAIM FOR RELIEF
### (NYLL Retaliation – N.Y. Lab. L. § 215)

64.    Defendant repeats, realleges, and reasserts his responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

65.    Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.    Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.    Defendant denies the allegations contained in paragraph 67 of the Complaint.

**PRAYER FOR RELEIF**

Defendant denies that Plaintiff is entitled to any of the relief demanded.

**HEADINGS**

Defendant denies any allegations contained in any of the headings in the

Complaint.

**DEFENSES**

The statement of any defense hereafter does not assume the burden of proof for

any issue as to which applicable law places the burden on Plaintiff.

**AS AND FOR A FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

All actions taken by Defendant with regard to Plaintiff's employment were taken

for legitimate, nondiscriminatory reasons.

**AS AND FOR A THIRD DEFENSE**

If and to the extent that any action(s) taken with respect to Plaintiff was

motivated by an impermissible consideration, which Defendant expressly denies,

Defendant would have taken the same action(s) for nondiscriminatory reasons.

**AS AND FOR A FOURTH DEFENSE**

The employment actions at issue were taken in good faith and without malice.

**AS AND FOR A FIFTH DEFENSE**

The claims asserted against Defendant in the Complaint are barred, in whole or

in part, because Paramount has established and complied with policies, programs, and

procedures for the prevention and detection of unlawful discriminatory practices.

10

## AS AND FOR A SIXTH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to avail herself of the policies, programs, and procedures for the prevention and detection of unlawful discrimination.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff has not suffered any damages as a result of the alleged wrongful conduct.

## AS AND FOR AN EIGHTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate her alleged damages, any entitlement to which is expressly denied.

## AS AND FOR A NINTH DEFENSE

Plaintiff fails to state claim upon which an award of punitive damages may be granted.

## AS AND FOR A TENTH DEFENSE

Plaintiff fails to state a claim upon which an award of attorneys' fees and costs may be granted.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiff's claims are barred in whole, or in part, by the exclusive remedy provisions of applicable state workers' compensation laws.

## AS AND FOR A TWELFTH DEFENSE

If any damages or losses were sustained by Plaintiff, such damages or losses were caused or contributed to by Plaintiff's own actions, inactions, fault, lack of diligence, or failure to mitigate any of her alleged damages, and not by the actions or inactions of the Defendant.

11

## AS AND FOR A THIRTEENTH DEFENSE

To the extent that Plaintiff seeks punitive damages under the NYCHRL, such claim is barred as Defendant did not engage in any willful, reckless, or malicious acts.

## AS AND FOR A FOURTEENTH DEFENSE

Defendant's liability and penalties, if any, under the NYCHRL should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of that statute.

## AS AND FOR A FIFTEENTH DEFENSE

Plaintiff has not been subjected to any unequal treatment in the workplace.

## AS AND FOR A SIXTEENTH DEFENSE

The Court lacks subject matter jurisdiction over all or part of the Complaint.

## AS AND FOR A SEVENTEENTH DEFENSE

The Court lacks or should decline to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL causes of action.

## AS AND FOR AN EIGHTEENTH DEFENSE

Any conduct to which Plaintiff was allegedly subjected constituted no more than petty slights and trivial inconveniences.

## AS AND FOR A NINETEENTH DEFENSE

Plaintiff's claims are barred in whole, or in part, by the applicable statutes of limitations.

## AS AND FOR A TWENTIETH DEFENSE

Plaintiff's claims are barred to the extent that the applicable administrative procedures and conditions precedent to Plaintiff's claims were not properly complied with prior to the commencement of this action.

## AS AND FOR A TWENTY-FIRST DEFENSE

Plaintiff is barred from asserting the claims in the Complaint by the doctrines of laches, waiver, equitable estoppel, and unclean hands.

## AS AND FOR A TWENTY-SECOND DEFENSE

To the extent Plaintiff intends to assert a pattern and practice claim, such claims are barred as a matter of law because individuals cannot maintain a private, non-class, pattern and practice claim.

## AS AND FOR A TWENTY-THIRD DEFENSE

Plaintiff's claim is barred in whole or in part because of after-acquired evidence.

## AS AND FOR A TWENTY-FOURTH DEFENSE

Plaintiff's complaint is subject to dismissal for insufficient service of process.

## AS AND FOR A TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant was not Plaintiff's employer and/or because Defendant cannot be held liable and is not a proper defendant under Plaintiff's claims for relief.

## AS AND FOR A TWENTY-SIXTH DEFENSE

The Complaint or any relief sought by Plaintiff is barred, in whole or in part, by such additional defenses as Defendant may have that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses

**WHEREFORE**, Defendant respectfully requests that this Court enter an Order: (a) dismissing the Complaint in his entirety with prejudice; (b) awarding Defendant his

13

costs and expenses incurred herein, including reasonable attorneys' fees; and (c)

granting such other relief as the Court deems just and proper.


Dated:  New York, New York          Respectfully submitted,
        May 8, 2025

                                     KAUFF MCGUIRE & MARGOLIS LLP

                                     By: */s/Michele A. Coyne*
                                         Michele A. Coyne

                                     950 Third Avenue
                                     Fourteenth Floor
                                     New York, NY 10022
                                     (212) 644-1010 (Tel)
                                     (212) 644-1936 (Fax)
                                     coyne@kmm.com

                                     Attorneys for Defendant Douglas Johnson