

810 SEVENTH AVENUE • 33RD FLOOR
NEW YORK, NY 10019

TELEPHONE (212) 644-1010
FAX (212) 644-1936

MICHELE A. COYNE
DIRECT DIAL: (212) 909-0703
DIRECT FAX: (212) 909-3503
COYNE@KMM.COM

NEW YORK
LOS ANGELES
WWW.KMM.COM

December 19, 2025

**VIA ECF**
The Honorable J. Paul Oetken
United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Laguerre v. Paramount Global, et al.*
              Case No.: 1:25-cv-00879 (JLR)
              KM&M File No. 08327.9278

Dear Judge Oetken:

      As counsel to Defendants in the above-referenced matter, we respectfully submit this letter pursuant to Your Honor's Individual Rules and Practices to request a protective order under Federal Rules of Civil Procedure 26(c) and 45(d), prohibiting Plaintiff from taking the deposition of non-party Ms. Sasha Fugazy, on Monday, December 22, 2025, and granting Defendants a reasonable period to move to quash, limit the subpoena and any contemplated testimony, or otherwise object. This relief is warranted because Plaintiff failed to timely disclose Ms. Fugazy as a potential witness, served a subpoena setting a deposition with only two business days' notice, and failed to include this deposition in the Court-endorsed discovery schedule.

**Background**

      Yesterday Plaintiff's counsel, Leah Seliger, emailed defense counsel attaching a subpoena purporting to command Ms. Fugazy's deposition by Zoom on Monday, December 22, 2025 at 11:30 a.m., and stating that Plaintiff intended to serve the subpoena that day. (Fugazy Subpoena, **Exhibit A**; Email Exchange, **Exhibit B**.) Defendants promptly requested an adjournment, explaining that: (1) this was the first notice of any intent to depose Ms. Fugazy; (2) Plaintiff had never identified Ms. Fugazy in her initial disclosures or interrogatory responses; (3) the parties' recent joint extension letter, which this Court granted, did not contemplate a deposition of Ms. Fugazy; (4) two business days' notice is not reasonable; and (5) Defendants anticipate moving to quash and/or limit the deposition after receiving the transcript of Plaintiff's deposition, which occurred the day before on December 17, 2025. (**Exhibit B**.)

4936-8214-2083.1

Page 2

Despite Section 2.D. of your Honor's Individual Rules and Practices that states "parties are encouraged to consent to reasonable requests," Plaintiff's counsel declined to adjourn the deposition and offered no rebuttal to Defendants' objections. Instead, Plaintiff's counsel sent "updated" disclosures that finally identified Ms. Fugazy as a person with knowledge or information concerning the allegations, facts, and circumstances in the Complaint. Defendants now move for a protective order for the reasons stated below.

**Plaintiff's Failure to Disclose Ms. Fugazy**

Plaintiff's initial disclosures do not identify Ms. Fugazy among the persons likely to have discoverable information that Plaintiff may use to support her claims. Instead, they refer generally to Plaintiff, certain Paramount employees, co-workers, and "Defendant Paramount's past and current employees," without naming Ms. Fugazy. Likewise, Plaintiff's interrogatory responses, including supplemental responses, list by name several individuals with knowledge, but do not disclose Ms. Fugazy. Plaintiff's eleventh-hour "updated" disclosures were only circulated on December 18, 2025, after Defendants noted Plaintiff's failure to previously disclose Ms. Fugazy as a witness. Plaintiff offers no explanation for the late addition or why the witness was not previously identified, even though Plaintiff's counsel previously represented Ms. Fugazy in another matter. This lack of timely disclosure prejudices Defendants' ability to assess relevance, prepare, and if necessary, seek appropriate relief in an orderly manner.

**Inadequate Notice and Scheduling Outside the Court-Endorse Plan**

Plaintiff's subpoena was issued on December 18, 2025, and noticed the deposition for December 22, 2025, affording only two business days' notice, without prior disclosure or scheduling coordination. Plaintiff's rush scheduling also disregards the parties' joint request for a discovery extension, which Your Honor granted, and which identified only three depositions to be taken, none of which was Ms. Fugazy. (Dkt. No.24.) In light of the late notice, Defendants will be substantially prejudiced because Defendants' client representative is unavailable to attend the proposed deposition. Proceeding with a surprise non-party deposition on two business days' notice circumvents the Court-endorsed schedule and imposes undue burden and prejudice on Defendants.

**Governing Standards**

Rule 45 requires that a subpoena must be quashed or modified on timely motion if it "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i), (iv). Additionally, Rule 26(c) authorizes protective orders to prevent undue burden, annoyance, or oppression, including by forbidding the discovery, specifying terms, or limiting the scope of examination, particularly where disclosures were not timely made, and relevance has not been established relative to the proportional needs of the case. *See* Fed. R. Civ. P. 26(b)(1), 26(c). Plaintiff's failure to identify Ms. Fugazy in timely disclosures and discovery responses, followed by a two-business-day deposition notice outside the parties' Court-approved

Page 3

schedule, warrants protection and sequencing, including reasonable time to brief a motion to quash/limit.

**Prejudice and Need for Sequencing**

Defendants are still awaiting the transcript of Plaintiff's December 17, 2025 deposition, which Defendants anticipate relying upon in moving to quash, limit Ms. Fugazy's deposition, or objecting. Plaintiff's counsel was expressly advised of this in Defendants' December 18 correspondence. Proceeding on December 22 deprives Defendants of a fair opportunity to evaluate Plaintiff's sworn testimony and refine any motion. The compressed schedule and absence of earlier disclosure also frustrate meaningful preparation and the Court's interest in efficient, proportionate discovery.

**Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court:

1. Issue a protective order prohibiting Plaintiff from taking the deposition of non-party Sasha Fugazy on Monday, December 22, 2025;
2. Grant Defendants a reasonable period to file a motion to quash, limit the subpoena and any contemplated testimony of Ms. Fugazy or otherwise object, to be informed by the transcript of Plaintiff's deposition and the parties' further meet-and-confer; and
3. Direct that any deposition of Ms. Fugazy, if permitted at all, be scheduled in coordination with Defense counsel.

Respectfully Submitted,

KAUFF MCGUIRE & MARGOLIS LLP

By: */s/Michele A. Coyne*
Attorneys for Defendants

cc: Counsel for Plaintiff (via ECF)

4936-8214-2083.1