# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**VANESSA LAGUERRE,**

        **Index No. 1:25 cv 00879**

        **Plaintiff,**

    **v.**

**PARAMOUNT GLOBAL and DOUGLAS JOHNSON,**

        **Defendants.**
------------------------------------------------------x

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Vanessa Laguerre, by and through her undersigned attorneys, hereby submits responses and objections to Defendants' First Set of Requests for the Production of Documents ("Requests for Production").

### GENERAL OBJECTIONS

The following General Objections are incorporated into each Specific Objection and Response below as if fully repeated in each response and shall have the same force and effect as if set forth in full responses to each individually numbered request. The failure to specifically incorporate a General Objection shall not be construed as a waiver of the same.

1. Plaintiff objects to each and every Request for Production herein to the extent that it seeks information or documents protected by any privilege or protection from discovery, including but not limited to the attorney-client privilege and the work-product doctrine. The inadvertent production of any material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from

disclosure is not intended and should not be construed to constitute a waiver. Plaintiff reserves the right to assert all applicable privileges and protections from production.

2. Plaintiff objects to each and every Request for Production to the extent that it seeks to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure and/or the Local Rules for the Southern District of New York.

3. Plaintiff objects to each and every Request for Production to the extent that the definitions, instructions, or special requests are vague, ambiguous, overly broad, and/or unduly burdensome.

4. Plaintiff objects to each and every Request for Production to the extent it seeks information that is a matter of public record or equally available to Defendants.

5. Plaintiff objects to each and every Request for Production to the extent that it calls for an expert opinion on the grounds that it violates the work-product doctrine.

6. Plaintiff objects to each and every Request for Production to the extent that it seeks Plaintiff's confidential and proprietary information, the disclosure of which will or may harm Plaintiff.

7. Plaintiff objects to each and every Request for Production as overly broad, unduly burdensome, and oppressive insofar as it seeks information which is in the custody, possession, or control of Defendants or their agents, or is equally available to the public.

8. Plaintiff objects to each and every Request for Production to the extent it is overly broad, unduly burdensome, and oppressive where the Request for Production requests the production of "all" documents when all relevant facts can be obtained from fewer than "all" documents.

9. Plaintiff objects to each and every Request for Production to the extent that it is overly broad and unduly burdensome by requesting documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

10. Plaintiff objects to each and every Request for Production to the extent that it is vague or ambiguous.

11. Plaintiff objects to each and every Request for Production to the extent it requires Plaintiff to produce documents not within Plaintiff's possession, custody, and control. Unless otherwise specified, Plaintiff will not produce any documents in the possession, custody, or control of any third party, including any agent or outside attorney of Plaintiff.

12. Plaintiff objects to each and every Request for Production to the extent it seeks information without any limitation to the time period relevant to this action.

13. In making these objections, Plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

    a. All objections as to competency, relevancy, materiality, and admissibility of any information that may be provided in response to the Request for Production, or the subject matter thereof;

    b. All rights to object on any ground to the use of any information that may be provided in response to the Request for Production, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other matter; and

    c. All rights to object on any ground to any request for further responses to the Request for Production or any other document request.

14. Plaintiff's objections herein and the production of any documents by Plaintiff pursuant to any Request for Production are not intended to waive or prejudice any objections or privileges Plaintiff may later assert, without limitation.

15. Plaintiff reserves the right to supplement, amend, correct, or clarify the responses and objections to the Requests for Production.

In addition to the General Objections set forth above, Plaintiff sets forth below Specific Objections to individual requests where appropriate, including objections that are not generally applicable to all of the Requests. By setting forth such Specific Objections, Plaintiff does not intend to limit the General Objections set forth above. To the extent that Plaintiff responds to Requests to which she objects, such objections are not waived by a response.

The information provided herein is based upon, and therefore limited by, the records and information in existence, presently collected, and thus far discovered in the course of the preparation of these responses. These responses are continuing, and Plaintiff will produce any additional responsive documents if and when they become available.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All documents referenced in the Complaint, relating to the claims in the Complaint, and/or relied on in preparation of the Complaint.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is overly broad and seeks documents already in Defendant's possession, and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff refers Defendants to Plaintiff's document production served contemporaneously with these responses.

**REQUEST FOR PRODUCTION NO. 2:**

4

Any and all past and current resumes, recommendations, degrees, diplomas, licenses, certificates, transcripts, awards, evaluations, and any other documentation concerning Plaintiff's experience, education, achievements, abilities, or qualifications.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is overly broad, unduly burdensome, and to the extent it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced her resume.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents concerning Plaintiff's work performance during her work for Paramount, including, but not limited to, reports of any nature, evaluations, self-evaluations, reprimands, disciplinary warnings, demotions, promotions, suspensions, discharges, or other employment-related actions; positive, negative, or other comments from supervisors, other employees, or third parties concerning Plaintiff's work performance; formal and informal feedback concerning Plaintiff's performance; and all documents concerning transfers, reassignments, training, ratings, commendations, citations, and praise or criticism.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is overly broad, unduly burdensome, seeks documents already in Defendant's possession, and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents concerning any complaint or grievance that Plaintiff made or that was made on Plaintiff's behalf by her representatives, agents, or attorneys, to any representative of Paramount, concerning any alleged discrimination or other alleged unfair treatment experienced by Plaintiff during her work for Defendants.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is overly broad, unduly burdensome, seeks documents already in Defendant's possession, and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all complaints, charges, petitions, grievances, supporting papers, statements, correspondence, memoranda, notes, and other documents drafted, submitted, or filed by Plaintiff or any other person acting on Plaintiff's behalf in connection with any arbitral, administrative, or judicial forum.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome, and to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it is harassing and is not relevant to any party's claim or defense and not proportional to the needs of the case.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged, relevant and responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all findings of fact, decisions, hearing transcripts, rulings, memoranda, notices or correspondence written, created, or issued by any arbitral, administrative, or judicial body on any claims, grievances, or actions submitted or filed by Plaintiff or any other person acting on her behalf as referred to in the preceding Request.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome, and to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it is harassing and is not relevant to any party's claim or defense and not proportional to the needs of the case. Plaintiff further objects to this Request to the extent that it requests information protected by attorney-client privilege.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged, relevant and responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents Plaintiff submitted to UNUM or any other entity concerning her request for a leave of absence.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 8:**

Payroll records and timesheets for Plaintiff during her employment at Paramount.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents evidencing Plaintiff's work hours, salary, overtime rate or hours or any other form of compensation during her employment at Paramount.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents and communications concerning Plaintiff's allegation that Plaintiff was required to be available for Defendant Johnson's travel or other needs after hours. (Compl. ¶ 11).

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents and communications concerning Plaintiff's allegation that "[e]ven when Defendant Johnson was in a different zone, such as California, Defendant Johnson required Plaintiff to remain on call late in the evening to perform very mundane tasks that he could easily have done himself." (Compl. ¶ 12).

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents and communications concerning Plaintiff's allegation that "every consequential detail of Plaintiff's job, down to which specific flight, hotel room, and/or restaurant reservation she would book, had to be specifically approved by Defendant Johnson." (Compl. ¶ 14).

**RESPONSE:**

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents and communications concerning Plaintiff's allegation that "Plaintiff regularly spent more than 5 hours per a week outside her scheduled hours performing work for Defendants." (Compl. ¶ 15).

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession. Plaintiff further objects to this Request to the extent that it is duplicative of previous Requests.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all documents and communications concerning Plaintiff's allegation that Plaintiff "was instructed by her superiors not to report any hours worked in excess of 40 per workweek, with the exception of work performed on photoshoots, for which she did in fact log her overtime." (Compl. ¶ 16).

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all documents and communications concerning Plaintiff's allegation that "[a]fter February of 2021, Defendants paid Plaintiff a flat salary with no overtime premium for hours worked in excess of 40 per workweek." (Compl. ¶ 17).

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents and communications concerning Plaintiff's allegation that "Plaintiff's wage statements did not include her actual hours worked or her overtime rate." (Compl. ¶ 18).

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all documents and communications concerning Plaintiff's allegation that "Defendant Johnson made clear to her that he did not want to employ an executive assistant who wanted to have a family." (Compl. ¶ 20).

**<u>RESPONSE:</u>**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**<u>REQUEST FOR PRODUCTION NO. 18:</u>**

Any and all documents and communications concerning Plaintiff's allegation that Defendant Johnson "asked [Plaintiff] on her first week of work whether she intended "to start a family." (Compl. ¶ 20).

**<u>RESPONSE:</u>**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**<u>REQUEST FOR PRODUCTION NO. 19:</u>**

Any and all documents and communications concerning Plaintiff's allegation that "Defendant Johnson and Plaintiff agreed that Plaintiff would work in person two days per work and the remainder of the week at home." (Compl. ¶ 23).

**<u>RESPONSE:</u>**

Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents already in Defendant's possession, seeks documents not in Plaintiff's possession, and seeks documents that are subject to attorney-client privilege.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

**<u>REQUEST FOR PRODUCTION NO. 20:</u>**

Any and all documents and communications concerning Plaintiff's allegation that "Defendant Johnson began to nitpick all of Plaintiff's work and repeatedly complained that she did not respond to him fast enough." (Compl. ¶ 25).

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents and communications concerning Plaintiff's allegation that "Plaintiff had received consistently strong performance reviews from Defendant Johnson." (Compl. ¶ 25).

**RESPONSE**:

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents and communications concerning Plaintiff's allegation that "Plaintiff spoke with Paul Samson, Head of Operations, Short Form Production, and Human Resources, to express her fears that Defendant Johnson would further discriminate against her because of her second pregnancy." (Compl. ¶ 27).

**RESPONSE**:

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all documents and communications concerning Plaintiff's leave of absence.

**RESPONSE**:

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all documents and communications concerning Plaintiff's termination of employment.

**RESPONSE**:

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all documents and communications concerning Plaintiff's allegation that "individuals on Defendant Johnson's team that were either on protected leave or had young families were consistently chosen for termination." (Compl. ¶ 32).

**RESPONSE**:

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendant's possession and seeks documents not in Plaintiff's possession.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show any e-mail account used or maintained by Plaintiff, including all user names used by Plaintiff from July 1, 2029 [sic] to the present.

**RESPONSE**:

Plaintiff objects to this request on the grounds that it is vague and impossible to comply with, as it seeks documents from a date in the future, July 1, 2029, which do not exist at this

time. Plaintiff objects to this Request on the grounds that it seeks information already in Defendant's possession and on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving any General Objection or Specific Objection, and assuming the intended date was July 1, 2019, Plaintiff responds as follows: Mslaguerre2010.vl@gmail.com and vanessalaguerre@outlook.com.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show any cell phone number Plaintiff used or maintained, from July 1, 2029 [sic] to the present.

**RESPONSE**:

Plaintiff objects to this request on the grounds that it is vague and impossible to comply with, as it seeks information from a date in the future, July 1, 2029, which do not exist at this time. Plaintiff objects to this Request on the grounds that it seeks information already in Defendant's possession and on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving any General Objection or Specific Objection, and assuming the intended date was July 1, 2019, Plaintiff responds as follows: 760-402-0108.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to identify all social media sites (e.g., X, Facebook, LinkedIn, YouTube, WhatsApp, Snapchat, Instagram, etc.) of which Plaintiff was and/or is a member from July 1, 2019 to the present and the screennames Plaintiff used or uses on each social media site.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing and an invasion of privacy. Plaintiff further objects to this Request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff responds as follows: Plaintiff has accounts with X, Facebook, YouTube, WhatsApp, Snapchat and Instagram. Plaintiff has not and does not post information about her work with Paramount Global on any social media platform.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all documents and communications on any social media sites (e.g., X, Facebook, LinkedIn, YouTube, WhatsApp, Snapchat, Instagram, etc.), between Plaintiff and other individuals, including individuals currently or formerly employed by Paramount, regarding

Defendants, Plaintiff's employment with Paramount or Plaintiff's claims and allegations in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing and an invasion of privacy. Plaintiff further objects to this Request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff responds as follows: Plaintiff has on occasion communicated with coworkers on Instagram but not about her work at Paramount Global.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all notes, logs, diaries, calendars or records regarding Defendants, Plaintiff's employment with Paramount or Plaintiff's claims and allegations in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and harassing. Plaintiff further objects to this Request to the extent it seeks documents already in Defendants' possession and not in Plaintiff's possession. Plaintiff further objects to this Request to the extent it is duplicative of previous Requests.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all documents and communications concerning the allegations in the Complaint that Plaintiff has been damaged as a result of, and in connection with, the conduct alleged in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendants' possession and not in Plaintiff's possession. Plaintiff further objects to this Request to the extent that it requests information more appropriately obtained through depositions.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession and will produce HIPAA-compliant releases for any relevant healthcare providers.

## REQUEST FOR PRODUCTION NO. 32:

Any and all documents and communications written, recorded, or otherwise made by Plaintiff reflecting any conversations, discussions, or meetings involving Plaintiff and any present or former employee, independent contractor or agent of Paramount or Defendant Johnson, concerning Plaintiff's allegations in the Complaint. This request includes, but is not limited to, audio or visual recordings or notes of any such conversation, discussion or meeting.

## RESPONSE:

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendants' possession and not in Plaintiff's possession. Plaintiff further objects to this Request to the extent that it is duplicative of previous Requests and to the extent that it requests information protected by attorney-client privilege.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

## REQUEST FOR PRODUCTION NO. 33:

Any and all documents and communications, including audio, video or photographic recordings, comprising, containing or pertaining to statements by any participants in or witnesses to any incidents alleged in the Complaint, including witnesses that Plaintiff plans to call at trial and does not plan to call at trial.

## RESPONSE:

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendants' possession and not in Plaintiff's possession. Plaintiff further objects to this Request to the extent that it is duplicative of previous Requests and to the extent that it requests information protected by attorney-client privilege.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

## REQUEST FOR PRODUCTION NO. 34:

Any and all documents and communications that refute any of the allegations in the Complaint.

## RESPONSE:

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all documents provided to any expert from whom Plaintiff received or obtained an expert opinion relating to any issues in this case.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is premature.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all documents and communications concerning opinions or reports prepared by any expert from whom Plaintiff received or obtained an opinion relating to any issue in this case.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is premature.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not have any non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all documents and communications concerning Plaintiff's effort to secure employment or in any other way to support herself since the end of Plaintiff's employment with Paramount, including, but not limited to, advertisements responded to, correspondence sent, resumes sent, responses received, employment applications completed, job offers made, self-employment or documentation of agreements with employment agencies.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is overly broad and unduly burdensome.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all documents and communications that reflect income, salaries, benefits, or other compensation of any kind or nature paid to or received by Plaintiff by any source from July

1, 2019 to the present, including, but not limited to, copies of all federal, New York, and other state or local income tax returns (including all W-2 or 1099 forms and other documents and schedules attached thereto); disability or workers' compensation awards or payments; unemployment insurance; wage or other statements evidencing income or other compensation Plaintiff received; records concerning income or other compensation Plaintiff received from any self-employment, business, partnership, sole proprietorship, or other entity; and records concerning welfare, public housing, or any other form of public assistance received by Plaintiff.

**RESPONSE:**

Plaintiff objects to this Request to the extent it is overly broad and unduly burdensome.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff will produce documentation of her employment income from the date of her termination by Defendants through the present.

**REQUEST FOR PRODUCTION NO. 39:**

Any and all documents concerning Plaintiff's employment, ownership or other affiliation with the Purple Flamingo or any other business or venture with which Plaintiff was or is affiliated from July 1, 2019 to the present.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is overly broad, unduly burdensome, harassing and intended to intimidate. Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff responds as follows: Plaintiff is a co-owner of the Purple Flamingo with her husband. Plaintiff is not an employee of the Purple Flamingo.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all documents reflecting hours worked by any person, including but not limited to, Plaintiff from July 1, 2019 to the present at the Purple Flamingo.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is overly broad, unduly burdensome, harassing and intended to intimidate. Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

Any and all documents reflecting any social media posts for or related to the Purple Flamingo that Plaintiff posted or that depict Plaintiff from July 1, 2019 to the present.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is overly broad, unduly burdensome, harassing and intended to intimidate. Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

Any and all documents and communications, including hospital records, medical records, doctor's notes, bills, charts, reports, x-rays, MRIs, test results, lab results, and prescriptions concerning Plaintiff's allegations in the Complaint that she experienced mental anguish, emotional distress, and economic stress damages. To that end, please complete, execute and provide to Defendant's counsel a HIPAA-complaint release form for each medical provider from whom Plaintiff received treatment related to her allegations in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is overly broad and unduly burdensome.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff will provide a HIPAA-compliant release form for each relevant medical provider from whom Plaintiff received treatment related to her allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 43:**

Any and all documents and communications, including hospital records, medical records, doctor's notes, bills, charts, reports, x-rays, MRIs, test results, lab results, and prescriptions concerning Plaintiff's pregnancies during her employment at Paramount. To that end, please complete, execute and provide to Defendant's counsel a HIPAA-complaint release form for each medical provider from whom Plaintiff received treatment related to her pregnancies during her employment.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is overly broad, unduly burdensome, harassing and an invasion of privacy.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff will provide a HIPAA-compliant release form for each relevant medical provider from whom Plaintiff received treatment related to her allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all documents and communications concerning the allegations in the Complaint that Plaintiff has been damaged as a result of, and in connection with, the conduct alleged in the Complaint, and any and all documents which support or substantiate such damages, including but not limited to, bills (whether paid or unpaid), calculations, worksheets, correspondence, notes, memoranda, reports, statements or records of physicians, psychiatrists, counselors, therapists, social workers, or other health care practitioners.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendants' possession and not in Plaintiff's possession. Plaintiff further objects to this Request to the extent that it requests information more appropriately obtained through depositions and to the extent it is duplicative of previous Requests.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 45:**

Any and all documents Plaintiff expects to be used to support her allegations at the trial of this action.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendants' possession and not in Plaintiff's possession, and to the extent this Request is premature.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all documents Plaintiff intends to use as exhibits in this action.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendants' possession and not in Plaintiff's possession, and to the extent this Request is premature.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 47:**

All documents not specifically requested that Plaintiff believes concern the allegations of the Complaint or Plaintiff's claims that she has been damaged.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it seeks documents already in Defendants' possession and not in Plaintiff's possession. Plaintiff further objects to this Request to the extent that it requests information more appropriately obtained through depositions and to the extent it is duplicative of previous Requests.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff has produced all non-privileged responsive documents in her possession

Dated: New York, New York
        July 16, 2025

**JOSEPH & KIRSCHENBAUM LLP**


By: */s/ Leah Seliger*
     D. Maimon Kirschenbaum
     Leah Seliger
     32 Broadway, Suite 601
     New York, NY 10004
     (212) 688-5640
     (212) 688-2548 (fax)

**CERTIFICATE OF SERVICE**

This is to certify that on July 16, 2025, a copy of the foregoing Plaintiff Vanessa Laguerre's Responses and Objections to Defendants' First Set of Requests for the Production of Documents was sent via e-mail to:

KAUFF McGUIRE & MARGOLIS LLP
Michele Coyne
950 Third Avenue
Fourteenth Floor
New York, NY 10022
(212) 644-1010
coyne@kmm.com

*Attorneys for Defendants*

Dated: New York, New York
July 16, 2025

**JOSEPH & KIRSCHENBAUM LLP**

By: /s/ *Leah Seliger*
D. Maimon Kirschenbaum
Leah Seliger
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548
Maimon@jk-llp.com
Leah@jk-llp.com

*Attorneys for Plaintiff*